Anita Susan Brenner, Esq. (SBN 58741)
Leonard E. Torres, Esq. (SBN 60106)
**LAW OFFICES OF TORRES & BRENNER**
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
Telephone:   (626) 792-3175
Facsimile:    (626) 792-2921
E-mail:        info@torresbrenner.com

Attorneys for Defendants County of Los Angeles, a public entity, Deputy Jhonattan White, a public employee, erroneously sued as "Deputy White" and Deputy Alexandro Gonzalez, a public employee, erroneously sued as "Deputy Gonzalez"

Jeremy D. Jass, Esq. (SBN 279466)
JASS LAW
4340 Von Karman Avenue, Suite 100
Newport Beach, CA 92660
Telephone: (562) 340-6299
Email:        jeremy@jasslaw.com

Attorney for Plaintiff Anthony Polo

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY POLO,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES;<br>DEPUTY WHITE, individually and<br>as Deputy Sheriff No.: 512482;<br>DEPUTY GONZALEZ, individually<br>and as Deputy Sheriff No.: 460712;<br>and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 2:20-CV-04857-FMO (MAAx)<br>[U.S. Magistrate Judge Maria A. Audero]<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public

1   disclosure and from use for any purpose other than prosecuting this litigation may

2   be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

3   enter the following Stipulated Protective Order.  The parties acknowledge that this

4   Stipulated Protective Order does not confer blanket protections on all disclosures or

5   responses to discovery and that the protection it affords from public disclosure and

6   use extends only to the limited information or items that are entitled to confidential

7   treatment under the applicable legal principles.  The parties further acknowledge, as

8   set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle

9   them to file confidential information under seal; Local Rule 79-5 sets forth the

10  procedures that must be followed and the standards that will be applied when a

11  party seeks permission from the Court to file material under seal.  Discovery in this

12  action is likely to involve production of confidential, proprietary, or private

13  information for which special protection from public disclosure and from use for

14  any purpose other than prosecuting this litigation may be warranted.

15  **2.       GOOD CAUSE STATEMENT**

16          Plaintiff Anthony Polo and Defendants County of Los Angeles, a public

17  entity, Deputy Jhonattan White, a public employee, erroneously sued as "Deputy

18  White" and Deputy Alexandro Gonzalez, a public employee, erroneously sued as

19  "Deputy Gonzalez" through their respective counsel, request that this Court issue

20  the proposed Protective Order pursuant to Joint Stipulation of all parties. Pursuant

21  to the Notice of Reassignment to District Judge and Referral Magistrate Judge, any

22  discovery matters must be submitted to the assigned Magistrate Judge. Dkt. 8.

23  Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26, and Local Rule 26-1

24  of the Central District of California, the parties, by and through their attorneys of

25  record, have conferred and have determined that all parties intend to disclose

26  confidential documents, and have stipulated, as set forth in the concurrently filed

27  Joint Stipulation, and thereby request that the Court issue the proposed Order.

28          The parties stipulate that Good Cause exists.

**IT IS ORDERED THAT:**

The current lawsuit concerns the alleged detention of Plaintiff, and his claim for injuries. The records that will be at issue in this case include medical and mental health records, law enforcement records and employment records.

**1.  SCOPE OF ORDER**

The following is a summary of the types of records to be covered by the proposed order.

Medical and mental health records: The contemplated initial disclosure by defendants may include records that are relevant to this lawsuit for both the Plaintiff and the defense, but which otherwise would be privileged under  the Health Insurance Portability and Accountability Act of 1996 (hereafter "HIPAA"), Standards for Privacy of Individually Identifiable Health Information (45 CFR Parts 160 and 164); California's Confidentiality of Medical Records Act (Cal. Civ. Code § 56 et seq.); California's Patient Access to Health Records Act (Cal. H. & S. Code § 123110 et seq.); California's Insurance Information and Privacy Protection Act (Cal. Ins. Code § 791 et seq.), and California's Information Practices Act (Cal. Civ. Code § 1798 et seq.) These medical, mental health and injury records are not only privileged, but their public disclosure would cause embarrassment to parties as well as third parties or non-parties.

Public health and safety:  The only connection between the plaintiff and the public employee defendants is in the context of the public employees' employment as law enforcement personnel. The proposed Order will further public health and safety by protecting those employees from having their depictions, photos, or descriptions made public.

Embarrassment to parties and third-parties:  Some records that may be disclosed involve parties or third parties who are not parties to this lawsuit, who would have privacy concerns and who may be embarrassed by disclosure.

Risks of social media: The proposed Order would bar parties from posting

the confidential records on social media, or otherwise releasing such records outside the context of this litigation.  Public opinion concerning law enforcement policies and procedures is also a sensitive area. Embarrassment of parties and non-parties is a real concern in the Internet age and can lead to real harm to litigants. See Goldman, L. *Trending Now: The Use of Social Media Websites in Public Shaming Punishments,* 52 Am. Crim. L. Rev. 415 (2015); *Doe v. George St. Photo & Video, LLC* (N.D. Cal., 2016) 16-cv-02698-MEJ.

In addition, plaintiff intends to request County defendants to produce certain documents and information, which County defendants contend to involve privileged and confidential  information.  In addition, through the course of discovery, plaintiff may produce privileged and confidential medical and mental health records to defendants.

## 2.  NO BURDEN TO COURT OR PARTIES

Issuance of the protective order would not increase costs to the parties, and it does not burden to the Court.  The proposed Order would eliminate the need for third parties to seek relief for their own protection, thereby reducing the burden on the Court and those third parties.

The proposed Order does not address filing pleadings under seal. All counsel and their staff are familiar with the handling of confidential records.

Issuance of the protective order would not increase costs to the parties, and it does not burden to the Court.  The proposed Order would eliminate the need for third parties to seek relief for their own protection, thereby reducing the burden on the Court and those third parties.

## 3.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

### 31.   <u>Timing of Challenges</u>.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

3.2.   <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

3.3.   <u>Burden of Persuasion</u>.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4.     Any party may designate documents and other evidence as "confidential material" by including such a designation in their disclosure.

5.     Confidential material shall be used solely in connection with the preparation and trial of the case, Case No. 2:20-cv-04857-FMO(MAAx), or any related appellate proceeding and not for any other purpose, including social media, law firm websites, or other litigation.

6.     Material designated as "confidential" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material" or "confidential information")

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

shall be used solely for the purpose of litigating this action, and for no other action or purpose.

7.     Confidential material may not be disclosed except as provided in paragraph 5.

8.     Confidential material may be disclosed only to the following persons:

(a)     Counsel for any party, and any party to this litigation;

(b)     Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

(c)     Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d)     Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and,

(e)     Any "in-house" expert designated by either party to testify at trial in this matter. Nothing in paragraph 8 is intended to prevent officials or employees of County or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

9.     Each person to whom disclosure is made, with the exception of those identified in paragraph 5 who are presumed to know the contents of the Protective Order, shall, prior to the time of disclosure, be provided a copy of this Order by the person furnishing him/her such material, and shall agree on the record or in writing, that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order. Such person must also agree in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceedings relating to enforcement of this Order, including without limitation, any proceedings for contempt. Unless made on the record in this

litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See Appendix "A"). The executed agreement must be provided to all other counsel within five (5) court days of counsel's receipt of the agreement, except when the person to whom disclosure is made is an expert witness. In that case, the executed agreement must be provided to all other counsel at the time of expert disclosures.

10.     Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), Defendants and Plaintiff shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. For information contained on a CD, DVD, or other similar storage device, Defendants and Plaintiff shall affix the legend "CONFIDENTIAL'" on the label.

11.     Confidential material must be stored and maintained by counsel for Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

12.     Confidential material disclosed to any party shall be clearly marked by receiving counsel and maintained by counsel with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

**CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NUMBER 2:20-cv-04857-FMO (MAAx)**

13.     Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

14.     Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record  at  the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential,

and to label such portions appropriately.

15.     If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in compliance with Central District Local Rule 79-5.1 et seq.

16.     In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use. Any use of Protected Material at trial shall be governed by *a separate agreement or order*.

17.     Within 60 days of the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received by any party under the provisions of this Order, and copies thereof, including ESI, digital or electronic, shall be returned to opposing counsel.

18.     If any party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," such party must notify opposing counsel in writing (by e-mail and U.S. Mail, if possible) immediately and in no event more than three (3) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

19.     If any party learns that by inadvertence or otherwise, confidential material has been disclosed to any person or in any circumstance not authorized under this Protective Order, such party much notify all parties of the unauthorized disclosure, use their best efforts to retrieve all copies of the confidential material, and inform all person or persons to whom the unauthorized disclosure was made of the terms of this Order, and request that such persons execute the Confidentiality Agreement (Appendix A).

20.     Nothing in this Protective Order shall be construed shall be construed

as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, the parties do not waive any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, the parties do not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

21. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

22. The Court shall have jurisdiction over the parties, their counsel and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

23. The foregoing is without prejudice to the right of any party: (a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; (b) To apply to the Court for an order removing the confidential material designation from any documents; and (c) To apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

24. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 22, 2020          JASS LAW

                                 By*: /s/ Jeremy D. Jass*
                                     Jeremy D. Jass, Esq.
                                     Attorney for Plaintiff, Anthony Polo

Dated: October 22, 2020          LAW OFFICES OF TORRES & BRENNER

                                 By:    /s/ *Anita Susan Brenner*
                                     Anita Susan Brenner, Esq.
                                     Attorneys for Defendants County of
                                     Los Angeles, a public entity, Deputy
                                     Alexandro Gonzalez and Deputy
                                     Jhonattan White, public employees

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:   10/26/20

                                 Maria A. Audero
                                 United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of _____

[case name and number]. I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated Protective

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [full name]

of _____ [address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

1

<u>**CERTIFICATION OF SERVICE**</u>

2

3

4

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 301 East Colorado Boulevard, Suite 614, Pasadena, California 91101.

5

6

I hereby certify that on **October 22, 2020**, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

7

**[PROPOSED] ORDER RE:  PROTECTIVE ORDER**

8

9

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

10

11

I declare under penalty of perjury that the foregoing is true and correct.  This certificate was executed in Alhambra, California on October 22, 2020.

12

13

  /s/ *Idalia G. Guzman*

14

Idalia G. Guzman

15

16

17

18

19

20

21

22

23

24

25

26

27

28